UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------

U.S. BANK TRUST, N.A., AS TRUSTEE FOR
LSF9 MASTER PARTICIPATION TRUST,

                        Plaintiff,

        v.

GLORIA TONEY, ALONZO WINGATE,
NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD, and NEW YORK CITY
PARKING VIOLATIONS BUREAU,

                        Defendants.

**ORDER**
17-CV-5516 (MKB)

-------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff U.S. Bank Trust, N.A. commenced the above-captioned mortgage foreclosure action on September 20, 2017, against Defendants Gloria Toney, Alonzo Wingate, New York City Environmental Control Board, and the New York City Parking Violations Bureau, pursuant to New York Real Property Actions and Proceedings Law, N.Y. Real Prop. Acts. Law § 1301 *et seq.* ("RPAPL"). (Compl., Docket Entry No. 1.) The Clerk of Court noted entry of default as to all Defendants on November 13, 2017. (Clerk's Entry of Default, Docket Entry No. 9.) On January 9, 2018, Plaintiff moved for default judgment, computation of damages, judgment of foreclosure and sale, and the appointment of Stephanie S. Holdstone, Esq. as referee to sell property located at 148-42 Huxley Street, Rosedale, New York 11422 (the "Property"). (Pl. Mot. for Default J., Docket Entry No. 10.) By Order dated January 10, 2018, the Court referred Plaintiff's motion to Chief Magistrate Judge Roanne L. Mann for a report and recommendation. (Order dated Jan. 10, 2018.) By report and recommendation dated July 13, 2018 (the "R&R"), Judge Mann recommended that the Court grant Plaintiff's motion for default judgment. (R&R,

Docket Entry No. 19.)

By Memorandum and Order dated August 15, 2018 (the "August 2018 Decision"), the Court granted Plaintiff's motion and entered default judgment against Defendants, awarding Plaintiff damages against Defendants Toney and Wingate in the amount of $636,524.96 plus $59.42 for each day from March 24, 2018 until August 16, 2018. (Aug. 2018 Decision, Docket Entry No. 20.) The Court also ordered foreclosure and sale of the Property and appointed Stephanie S. Holdstone, Esq. as referee (the "Referee") to sell the Property. (*Id.*) Judgment was entered on August 16, 2018 (the "Judgment of Foreclosure and Sale"). (Judgment of Foreclosure and Sale, Docket Entry No. 21.)

Currently before the Court is Plaintiff's motion to (1) vacate the Judgment of Foreclosure and Sale pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, (2) voluntarily dismiss the action pursuant to Rule 41 of the Federal Rules of Civil Procedure, and (3) cancel the Notice of Pendency of Action filed with the Clerk of Court of the County of Queens on September 27, 2017 and with this Court on October 4, 2017, pursuant to section 6514(a) of the New York Civil Practice Law and Rules. (Pl. Mot. to Vacate Default J. ("Pl. Mot."), Docket Entry No. 24; Notice of Lis Pendens, Docket Entry No. 6.) For the reasons set forth below, the Court grants Plaintiff's motion.

I. Discussion

   a. **Standard of review**

Federal Rule of Civil Procedure 60(b) provides for relief from a final judgment, order, or proceeding in the case of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied,

released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Properly applied, Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Reese v. Bahash*, 574 F. App'x 21, 23 (2d Cir. 2014) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). Such a motion "must be made within a reasonable time," *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (citing Fed. R. Civ. P. 60(c)), and cannot be used "as a substitute for appeal," *Stevens v. Schneiderman*, No. 05-CV-10819, 2011 WL 6780583, at *5 (S.D.N.Y. Dec. 23, 2011) (quoting *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009)). "A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." *Maldonado v. Local 803 I.B. of Tr. Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013) (citing *Zerman v. Jacobs*, 751 F.2d 82, 85 (2d Cir. 1984)). Each of the first five subsections of Rule 60(b) addresses a particular circumstance under which a party can obtain relief from a final judgment. *See Dugan v. United States*, No. 11-CV-3973, 2015 WL 5244341, at *3 (E.D.N.Y. Sept. 8, 2015).

"Rule 60(b)(5) provides that a court may grant relief from a final judgment where 'the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable[.]'"[1] *Committee on Professional Standards v. Marin*, 764 F. App'x 82, 83 (2d Cir. 2019) (quoting Fed. R. Civ. P. 60(b)(5)). As relevant here, Rule 60(b)(5) further provides "that a court 'may relieve a party . . . from a final judgment, order, or proceeding' where 'applying [the judgment] prospectively is no longer equitable." *Tapper v. Harn*, 833 F.3d 166, 169 (2d Cir. 2016) (quoting Rule 60(b)(5)). Rule 60(b) is "a mechanism for 'extraordinary judicial relief' invoked only if the moving party

---

[1] Plaintiff only asserts that it is entitled to vacatur of the Judgment of Foreclosure and Sale pursuant to Rules 60(b)(5) and (6). (Vargas Decl. ¶ 4.)

3

demonstrates 'exceptional circumstances.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994)).

In order to qualify for Rule 60(b)(6) relief, a plaintiff must also demonstrate either "extraordinary circumstances, or extreme hardship." *DeCurtis v. Ferrandina*, 529 F. App'x 85, 86 (2d Cir. 2013) (quoting *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004)); *see also Stevens*, 676 F.3d at 67 (noting that "courts require the party seeking to avail itself of [Rule 60(b)(6)] to demonstrate that 'extraordinary circumstances' warrant relief" (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988))).

### b. Plaintiff's motion to vacate the Judgment of Foreclosure and Sale

Plaintiff requests that the Judgment of Foreclosure and Sale "be vacated because the Defendants entered into a loan modification agreement with the Plaintiff, which nullified the Judgment of Foreclosure and Sale." (Decl. of Stephen J. Vargas, Esq. ("Vargas Decl.") in Supp. of Pl. Mot. ¶ 3, Docket Entry No. 25.)

The Second Circuit has cautioned district courts not to grant vacatur of judgments upon settlement as a matter of course. *See Mfrs. Hanover Trust Co. v. Yanakas*, 11 F.3d 381, 385 (2d Cir. 1993); *see also United States Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 26 (1994) (cautioning courts against granting vacatur following settlement absent a showing of "equitable entitlement to the extraordinary remedy of vacatur"); *Rana v. Islam*, No. 14-CV-1993, 2019 WL 2225847, at *1 (S.D.N.Y. May 23, 2019) ("The Second Circuit and the U.S. Supreme Court have cautioned against vacating judgments following settlements as a matter of course."); *Eastern Savings Bank, fsb v. Strez*, 320 F.R.D. 9, 11 (E.D.N.Y. 2017) (same). In deciding whether to vacate a judgment upon settlement, "the trend in this circuit . . . is that judgments should be vacated only after a careful balancing of 'the interests of honoring settlements reached by the parties against the public interest in the finality of judgments and the

4

development of decisional law.'" *Eastern Savings Bank*, 320 F.R.D. at 11 (quoting *Jewelers Vigilance Comm., Inc. v. Vitale, Inc.*, 177 F.R.D. 184, 186 (S.D.N.Y. 1998)); *Austin v. Ford*, 181 F.R.D. 283, 285 (S.D.N.Y. 1998) ("In determining whether to vacate judgment, a court must balance the benefits of honoring the parties' settlement agreement against the public interest in the finality of judgments and the development of decisional law."). "Indeed, '[s]ince 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances.'" *Eastern Savings Bank*, 320 F.R.D. at 11 (quoting *United States v. Int'l Bhd. of Teamsters*, 51 F. Supp. 2d 314, 317 (S.D.N.Y. 1999)).

A balancing of the parties' settlement agreement against the public interest in the finality of judgments favors vacating the Judgment of Foreclosure and Sale. The parties entered into a loan modification agreement which "nullified the Judgment of Foreclosure and Sale." (Vargas Decl. ¶ 5.) Further, Plaintiff, the party that sought the Judgment of Foreclosure and Sale, is the party seeking vacatur of same, Defendants have not opposed vacatur, and there is nothing to indicate that the parties will not abide by the terms of their settlement agreement.

In addition, vacating the Judgment of Foreclosure and Sale would hardly have an impact on the advancement of decisional law or the public's interest in the finality of judgments. Judge Mann recommended granting default judgment in this foreclosure action upon a finding of Defendants' liability pursuant to well-settled law, (R&R 8–9), and the Court, having received no objections to the R&R, adopted it in its entirety on August 15, 2018, (Aug. 2018 Decision). Moreover, there is an important public interest in allowing homeowners to remain in their home. *See Eastern Savings Bank*, 320 F.R.D. at 11 ("If there is a public policy interest of value here, it is that of New York's, which places a very high premium on keeping homeowners in their homes and rehabilitating mortgage lending relationships." (citing 77 N.Y. Jur. 2d Mortgages §§ 1, 481)).

5

Thus, there is no reason for the Court to deny vacatur of the Judgment of Foreclosure and Sale where the parties have entered into a loan modification agreement which would allow the homeowners to remain in their home and which, in effect, nullifies the Judgment of Foreclosure and Sale.

Accordingly, the Court finds that the loan modification agreement entered into by Plaintiff and the home owners after the August 2018 Decision serves the public interest in having homeowners remain in their home and merits vacatur of the Judgment of Foreclosure and Sale. The Court therefore grants Plaintiff's motion. *See Eastern Savings Bank*, 320 F.R.D. at 11–12 (granting the plaintiff's motion to vacate the court's judgment of foreclosure and sale pursuant to Rule 60(b)(5) where the parties entered into settlement after the court's judgment).

### c. The Notice of Pendency

A Notice of Pendency was filed in the Office of the Clerk of the County of Queens on September 27, 2017 and in this Court on October 4, 2017. (Notice of Lis Pendens.)

Section 6514(a) of the New York Civil Practice Laws and Rules provides that the court "shall direct any county clerk to cancel a notice of pendency . . . if the action has been settled, discontinued or abated." N.Y. C.P.L.R. § 6514(a); *Ackerman v. Ackerman*, No. 10-CV-6773, 2012 WL 407503, at *4 (S.D.N.Y. Feb. 9, 2012) (stating that the district court "must order the cancellation of the notices of pendency if there has been a final judgment in the underlying action, and the time to file an appeal of that judgment has expired" (citing N.Y. C.P.L.R. § 6514(a))); *Ulysses I & Co., Inc. v. Feldstein*, No. 01-CV-3102, 2002 WL 1813851, at *5 n.10 (S.D.N.Y. Aug. 8, 2002) (stating that federal district courts have "the power to cancel Notices of Pendency"). Because the parties settled this action on June 21, 2019, (Vargas Decl. ¶ 5), the Notice of Pendency shall be canceled. *See Nationstar Mortgage LLC v. Fernandez*, No. 17-CV-404, 2018 WL 3424452, at *1 (E.D.N.Y. Mar. 20, 2018) (cancelling and discharging the notice of

pendency filed in the Office of the Clerk of the County of Suffolk because the defendant satisfied the judgment of foreclosure and sale); *Ulysses*, 2002 WL 1813851, at *5 (cancelling three notices of pendency because "all three actions underlying the notices of pendency . . . have been 'settled, discontinued or abated'" (quoting N.Y. C.P.L.R. § 6514(a)).

## II. Conclusion

For the foregoing reasons, the Court grants Plaintiff's motion and vacates the Judgment of Foreclosure and Sale entered on August 16, 2018. The Referee is discharged and relieved of any and all obligations and requirements thereunder.

Pursuant to N.Y. C.P.L.R. § 6514(a), the County Clerk of Queens County is directed, upon payment of proper fees, if any, to cancel and discharge the Notice of Pendency filed in the Office of the Clerk of the County of Queens on September 27, 2017 and in this Court on October 4, 2017, and said Clerk is directed to enter upon the margin of the record of the same a Notice of Cancellation referring to this Order.

The Clerk of Court is directed to vacate the Judgment of Foreclosure and Sale and to close this case.

Dated: August 12, 2019
      Brooklyn, New York

SO ORDERED:

      s/ MKB
MARGO K. BRODIE
United States District Judge